UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANK L. O'ROURKE,
MARY C. O'ROURKE,

                     Plaintiffs,

                                                                    DECISION AND ORDER

                                                                      11-CV-6061L

                     v.

SELECT PORTFOLIO SERVICING, INC.,


                     Defendant.
_____

      On February 4, 2011, this matter was removed here from Supreme Court, Monroe County on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1331. The removal was premised on the contents of plaintiffs' summons with notice, which identified claims arising under the Truth in Lending Act, 15 U.S.C. §1601 et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq. (Dkt. #1).

      Plaintiffs thereafter filed a complaint which does not contain the listed federal claims, or any other claims arising under the "Constitution, laws or treaties of the United States." 28 U.S.C. §1331. Although the parties are residents of different states, implicating potential diversity jurisdiction pursuant to 28 U.S.C. §1332, the amount in controversy is not identified in the summons or complaint.

      Mindful of its duty to ensure that it has jurisdiction over the matters before it, on May 2, 2011, this Court issued an Order to Show Cause (Dkt. #9) which directed the parties to file any additional evidence which established a basis for its exercise of jurisdiction over this action. *See Dean v. Blumenthal*, 577 F.3d 60, 64 (2d Cir. 2009) ("[courts] have an independent obligation to

evaluate [bases for jurisdiction] even in the absence of a challenge from any party"), *cert. denied*, 130 S.Ct. 2347 (2010).

Defendant filed a memorandum of law which urges the Court to retain jurisdiction, on the grounds that the Court's initial federal question jurisdiction was fixed at the time the summons was filed, and that in the absence of federal jurisdiction, the Court should assume, absent evidence to the contrary, that the amount in controversy meets the $75,000 threshold for diversity jurisdiction.

Initially, even if the plaintiffs' summons initially vested this Court with federal question jurisdiction, it is undisputed that this matter no longer presents any federal claims. Defendant nonetheless urges the Court to exercise supplemental jurisdiction over the plaintiffs' state law claims.

The exercise or decline of supplemental jurisdiction is governed by 28 U.S.C. §1367, which provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . ." 28 U.S.C. §1367(a). Courts may appropriately decline to exercise supplemental jurisdiction where, as here, all claims over which the Court had original jurisdiction have been dismissed or otherwise removed from the case. 28 U.S.C. §1367(c). The Second Circuit notes that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). The relevant factors include judicial economy, convenience, fairness and comity. *Id*. Having reviewed these factors, the Court concludes that exercising jurisdiction over plaintiffs' state law claims is inappropriate, inconvenient and unnecessary, and declines to assume supplemental jurisdiction over the matter.

Grounds to exercise diversity jurisdiction are also absent. It is well settled that in order to establish diversity jurisdiction, the amount in controversy must "appear on the face of the complaint or be established by proof that the matter in controversy exceeds . . . the [requisite] sum . . ." *Miller v. European American Bank*, 921 F. Supp. 1162, 1167 (S.D.N.Y. 1996). *See also Taro Pharm. Indus. v. Sun Pharm. Indus.*, 2010 U.S. Dist. LEXIS 84163 at *53-*54 (S.D.N.Y. 2010) (failure to allege amount in controversy and diversity of citizenship deprives the court of a basis to exercise diversity jurisdiction); *Grandon v. Merrill Lynch & Co., Inc.*, 1999 U.S. Dist. LEXIS 16837 at *16-*17 (S.D.N.Y. 1999) (same). *See generally Yonkosky v. Hicks*, 409 F. Supp. 2d 149, 157-158 (W.D.N.Y. 2005). The cases upon which defendant relies in urging the Court to assume damages in the threshold amount, which concern challenges by defendants seeking to overcome the presumption of truth given to a plaintiff's assertion of the amount in controversy, are inapposite.

Because there exists no demonstrated basis for the Court to exercise jurisdiction over this case, the matter is hereby remanded to New York State Supreme Court, Monroe County.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 18, 2011.